FILED
2021 JAN 6 PM 12:46
CLERK
U.S. DISTRICT COURT

RECEIVED US Dist Court -UT
DEC 11 '20 PM 01:15

**DAVID J. HOLDSWORTH (4052)**
Attorney for Plaintiff
9125 South Monroe Plaza Way, Suite C
Sandy, UT 84070
Telephone (801) 352-7701
Facsimile (801) 567-9960
david_holdsworth@hotmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| ASHTIN MARKOWSKI | : | **COMPLAINT** |
| | : | **(JURY TRIAL DEMANDED)** |
| Plaintiff, | : | |
| | : | |
| v. | : | Case: 2:20-cv-00872 |
| | : | Assigned To : Parrish, Jill N. |
| BRIGHAM YOUNG UNIVERSITY, | : | Assign. Date : 12/11/2020 |
| | : | Description: Markowski v Brigham |
| Defendant. | : | Young University |

COMES NOW the Plaintiff, Ashtin Markowski, complains of Defendant Brigham Young University, demands trial by jury and as and for causes of action alleges as follows:

**JURISDICTION**

1.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for discrimination in employment and for retaliation. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000 e (5). Equitable and other relief are also sought under 42 U.S.C. § 2000 e (5) (g).

Jurisdiction is also based on 28 U.S.C. §§ 1331, 1332 and 42 U.S.C. § 1981, et. seq. Where employment discrimination based upon disability is alleged, jurisdiction is conferred by the Americans with Disabilities Act ("ADA") and/or the Vocational Rehabilitation Act ("VRA") .

## PARTIES

2.      Ashtin Markowski is a citizen of the United States and, at all times relevant hereto, was a resident of the State of Utah.

3.      Brigham Young University is an "employer" within the meaning of Title VII which does business in Utah County in the State of Utah.

## STATEMENT OF FACTS

4.      At all times relevant hereto, Ms. Markowski worked for Brigham Young University (hereinafter sometimes referred to as "BYU" or the "University"). She actually worked as a trainer in the online teaching center at The Church of Jesus Christ of Latter-day Saints' (hereinafter sometimes referred to as the "Church") Missionary Training Center (hereinafter sometimes referred to as the "MTC"), but was considered to be employed by BYU.

5.      Ms. Markowski began working in this position on November 6, 2017.

6.     As an employee of BYU, she was obligated to comply with certain grooming and dress standards.

7.     At all times relevant hereto, she reported to Audrey Simonson (hereinafter referred to as "Ms. Simonson"), who, in turn, reported to Taylor Godfrey (hereinafter referred to as "Mr. Godfrey"), Ms. Simonson's supervisor.

8.     On April 3, 2020, Ms. Markowski cut her hair so that it was quite short.

9.     On May 14, 2020, her management informed her that her haircut was extreme and distracting, that it was "not feminine enough" and "was too masculine". Her management also told her that her eyebrows were "too firm".

10.    Ms. Markwski indicated that she did not agree with this assessment, but was happy to comply and so would let her hair grow out. Ms. Markowski also pointed out that she felt that BYU was imposing a double standard in that it allowed men to bleach their hair and have eyebrow slits. Nevertheless, she did not want this situation to jeopardize her continued employment and she indicated her desire to comply.

11.    The next day, May 15, 2020, management had a meeting with Ms. Markowski. In the meeting, management informed Ms. Markowski that she had

3

shown a lack of judgment in interpreting the University policy on grooming standards
and that it was best if the University and she parted ways.

12.     After being fired, Ms. Markowski filed a Complaint with the
EEOC, Charge No. 540-2020-03281.

13.     On September 22, 2020, the EEOC issued Ms. Markowski a
Dismissal and Notice of Right to Sue (a "Right to Sue" letter).  Ms. Markowski
received said right to sue letter on approximately September _25_, 2020.

14.     Ms. Markowski is filing this civil action within 90 days of receipt
of Notice of Right to Sue letter.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

15.     Plaintiff incorporates by this reference all allegations listed in
paragraphs 1 through _14_ above as if alleged in full herein.

16.     Title VII of the Civil Rights Act of 1964 prohibits an employee
from discriminating against employees on the basis of sex.  The Supreme Court has
expanded the definition of _Sex_ to include sexual stereotyping _and_ sexual
orientation.

17.     Ms. Markowski alleges that the religious exemption to Title VII
does not apply to her situation.  Plaintiff's claim of gender discrimination will not

4

jeopardize s BYU or the MTC's ability to create and maintain communities composed solely of individuals faithful to their doctrinal practices.

18.     Ms. Markowski claim does not strike at the heart of the University's authority to interpret   and enforce doctrinally-based standards and maintain a community that is faithful to the Church's doctrinal practices.

19.     Ms. Markowski alleges that the circumstances of her case do not fit this case within the statutory exemption/ministerial exception to Title VII. *See* 42 U.S.C. § 2000e-1 (a) and 42 U.S.C. § 2000e-2 (e) (2). *See Hosanna-Tabor Evangelical Lutheran Church and School v. Equal Employment Opportunity Commission,* 565 U.S. 171 (2012), *Our Lady of Guadalupe School v. Morrissey-Berry,* (July 8, 2020).

(a)     she was not the head of a congregation;

(b)     she did not hold the title of minister;

(c)     she was not a missionary;

(d)     she was a student at BYU;

(e)     shew was a part-time employee;

(f)     her primary duty was training and supporting the referral process involved in the coaching of full-time missionaries in handling incoming traffic of interested persons online and in the field;

(g)     she did not teach religious studies;

(h)     she did not deliver messages based on scripture passages;

(i)     she did not lead devotional exercises;

(j)     she was not responsible for teaching students or educating students in the faith;

(k)     she was not responsible for guiding students, by word and deed, toward the goal of living their lives in accordance with the faith;

(l)     she did have a role in conveying the Church's message and in carrying out its mission by instructing missionaries on <u>how to</u> properly use social media.

20.     Defendant discriminated against Ms. Markowski based on her gender.

21.     There is no dispute whether the hair was clean and neat, the question is whether it was extreme.

22.     The Liahona passage states it would be difficult to say exactly what hairstyles are too extreme.

> "Extreme hairstyles <u>might</u> overshadow the message and send a [different and] more worldly message about you" (*emphasis added*).

6

23.      BYU asserts that she was an employee at will, that BYU could terminate her employment at any time, other than for [a reason] reasons prohibited by law.

24.      But the University has acknowledged that it generally follows a policy of industrial due process and progressive discipline.

25.      Ms. Markowski alleges a prima facie case of sex discrimination.

26.      Ms. Markowski is a member of a protected class.

27.      Ms. Markowski was qualified for and performing her job in a satisfactory manner.

28.      BYU may assert that, because she acted inappropriately and it disciplined her, she was not performing her job in a satisfactory manner.

29.      Ms. Markowski alleges she has the right to voice her opinion and that, after receiving the discipline, she did not ever act inappropriately again.

30.      Ms. Markowski alleges that, on May 15, 2020, BYU took materially adverse action against her in that it terminated her employment.

31.      Ms. Markowski alleges that the circumstances support an inference that the employer took the adverse action against her because of her membership in a protected class — namely, her gender.

32.     In support of this proposition, she alleges BYU did not treat similarly situated male employees who exhibit extreme hairstyles similarly and, in fact, tolerated bleached hair in mailer trainers and employees.

33.     Ms. Markowski also alleges that the employer's explanation is pretextual in that, although the issue of whether Ms. Markowski's was extreme was subjective, although BYU says it is going to follow the Administrative Staff Employee Discipline Procedures, and did in dealing with Ms. Markowski's outburst and making complaints earlier in 2020, it did not follow it in the instant situation, and although Ms. Markowski stated that she had not intended to violate and would comply with the direction her management was not giving her, her managers, nevertheless, proceeded to terminate her employment.

34.     Such allegations demonstrate that the adverse employment action occurred under circumstances which give rise to an inference that BYU fired Ms. Markowski because she was a female and some people thought her hairstyle was not female enough.

35.     Ms. Markowski's allegations state a prima facie case and raise an inference that BYU unlawfully discriminated against her.

## SECOND CAUSE OF ACTION
### RETALIATION

36.     Plaintiff incorporates by this reference all allegations listed in

paragraphs 1 through ____ above as if alleged in full herein.


DATED this *10* day of December, 2020.


/s/ David J. Holdsworth
David J. Holdsworth
*Attorney for Plaintiff*

9