David J. Jordan (1751)
*david.jordan@stoel.com*
Jordan C. Hilton (17506)
*jordan.hilton@stoel.com*
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131

David M. Andersen (16352)
*david_andersen@byu.edu*
Madelyn L. Blanchard (16403)
*madelyn_blanchard@byu.edu*
BRIGHAM YOUNG UNIVERSITY
A-368 ASB
Provo, UT 84602
Telephone: (801) 422-6102

*Attorneys for Defendant
  Brigham Young University*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ASHTIN MARKOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHAM YOUNG UNIVERSITY,<br><br>Defendant. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Civil No. 2:20-cv-000872-JNP<br><br>The Honorable Jill N. Parrish |

## TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................1
ARGUMENT .........................................................................................................2
    I.    There Are No Genuine Issues of Any Material Fact ...........................2
        A.    Ms. Markowski Cannot Rest Solely on Her Pleadings to Create a Genuine Issue of Material Fact....................................3
        B.    Ms. Markowski Admits the Only Fact She Purports to Dispute. ..................................................................................4
    II.    BYU Is Entitled to Judgment as a Matter of Law................................5
        A.    The Court, Not a Jury, Should Determine the Applicability of the Ministerial Exception........................................................6
        B.    Whether Ms. Markowski Was a Minister Is Not a "Close Call." .........................................................................................6
    III.    Ms. Markowski Failed to Exhaust Her Administrative Remedies .......9
CONCLUSION ....................................................................................................10

i

# **TABLE OF AUTHORITIES**

**Cases**

*Alicea-Hernandez v. Catholic Bishop of Chicago*,
    320 F.3d 698 (7th Cir. 2003) ................................................................................ 8, 9

*Cerveny v. Aventis, Inc.*,
    155 F. Supp. 3d 1203 (D. Utah 2016) ........................................................................ 5

*Conlon v. InterVarsity Christian Fellowship*,
    777 F.3d 829 (6th Cir. 2015) ...................................................................................... 6

*Fratello v. Roman Cath. Archdiocese of New York*,
    175 F. Supp. 3d 152 (S.D.N.Y. 2016), *aff'd*, 863 F.3d 190 (2d Cir. 2017) ......... 6

*Freppon v. City of Chandler*,
    528 F. App'x 892 (10th Cir. 2013) ............................................................................ 9

*Hamby v. Associated Centers for Therapy*,
    230 F. App'x 772 (10th Cir. 2007) ......................................................................... 3, 4

*Hosanna-Tabor Evangelical Lutheran Church & School v. E.E.O.C.*,
    565 U.S. 171, 132 S. Ct. 694, 181 L. Ed. 2d 650 (2012) ................................... 7, 8

*Ingels v. Thiokol Corp.*,
    42 F.3d 616 (10th Cir. 1994) ....................................................................................... 9

*Martinez v. Potter*,
    347 F.3d 1208 (10th Cir. 2003) .................................................................................. 9

*Our Lady of Guadalupe School v. Morrissey-Beru*,
    140 S. Ct. 2049, 207 L. Ed. 2d 870 (2020) ............................................................ 7, 8

*Solis v. Ronin Risk USA, LLC*,
    No. 2:08-CV-701 TS, 2010 WL 1253978 (D. Utah Mar. 24, 2010) ..................... 3

*Stevens v. Barnard*,
    512 F.2d 876 (10th Cir. 1975) ..................................................................................... 3

*Weigel v. Broad*,
    544 F.3d 1143 (10th Cir. 2008) ................................................................................... 2

**Other Authorities**

U.S. Const. amend. I ................................................................................................. 8, 10

Pursuant to DUCivR 56-1 and DUCivR 7-1, Defendant BYU[1] submits this Reply in Support of its Motion for Summary Judgment.

## INTRODUCTION

BYU demonstrated in its Motion that, as a teacher at the MTC, Ms. Markowski taught the Church's future evangelists how to share the gospel, directly taught and prayed with prospective Church members online, and signed employment documents where she committed to "invite all to come unto Christ." In her opposition, Ms. Markowski does not produce or even cite a shred of evidence to dispute any of these facts. Instead, Ms. Markowski attempts to manufacture disputed issues of fact by citing only to *allegations* in her complaint. But allegations are not evidence. Ms. Markowski thus does not validly dispute the material facts that form the basis for the Motion.

Tacitly recognizing her failure to dispute any material facts, Ms. Markowski attempts to, as she puts it, "keep [her] case alive," by arguing that even if the facts are undisputed, whether such facts make her a minister under Supreme Court precedent is a "close call" that a jury should decide. But courts, not juries, decide whether the ministerial exception applies, and this case does not present a "close call." Ms. Markowski taught at the *Missionary* Training Center, where the *only* curriculum was

---

[1] All capitalized terms have the same definitions provided in BYU's motion for summary judgment, ECF No. 11.

"the gospel of Jesus Christ as set forth in the Bible and other scriptures." She taught missionaries how to teach the gospel of Jesus Christ and directly taught, read scriptures with, and prayed with prospective Church members. Under any meaningful analysis, the ministerial exception applies. The Court should grant the Motion.

## ARGUMENT

Summary judgment is appropriate where "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Weigel v. Broad*, 544 F.3d 1143, 1150–51 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)). Ms. Markowski failed to demonstrate a genuine issue as to any material fact. The undisputed facts make clear that BYU is entitled to judgment as a matter of law.

## I. There Are No Genuine Issues of Any Material Fact

Ms. Markowski does not attempt to dispute the vast majority of material facts proffered in the Motion. (*See generally* Opp. at 3–23.) Thus, Ms. Markowski does not dispute, *inter alia*, that her core job duties required her to: "invite all to come unto Christ and help missionaries to effectively do the same"; "[t]each by the Spirit through personal worthiness, love, respect, preparation and purpose"; "attend religious training meetings each week"; and "devote at least three hours to preparatory activities, such as studying the scriptures." (Opp. at 10–13.) Nor does Ms. Markowski dispute that her employment included "post[ing] on official Church social media pages . . . including teaching about and defending the Church

2

and its teachings," (Opp. at 16–17), "coaching missionaries and mission leaders on how to teach the gospel to individuals online" (Opp. at 13), "ha[ving] a role in carrying out The LDS Church's mission by training full-time missionaries . . . so as to convey the Church's message" (Opp. at 14), and "act[ing] as a moderator on the Church's Come Unto Christ Facebook page" (Opp. at 18–19).

The only facts Ms. Markowski attempts to expressly dispute are Statements of Fact 11 and 22, which concern whether she was expected to and did teach "individuals who were interested in the Church and the gospel of Jesus Christ." (Opp. at 8, 14.) However, Ms. Markowski provides no evidence to dispute these facts and, in any event, she expressly admits—under penalty of perjury—that she taught prospective members of the Church as part of her employment.

### A.   Ms. Markowski Cannot Rest Solely on Her Pleadings to Create a Genuine Issue of Material Fact.

A party opposing a properly supported summary judgment motion "may not rest upon the mere allegations of his pleadings, but must respond with specific facts showing the existence of a genuine issue for trial." *Stevens v. Barnard*, 512 F.2d 876, 878 (10th Cir. 1975); *Solis v. Ronin Risk USA, LLC*, No. 2:08-CV-701 TS, 2010 WL 1253978, at *1 (D. Utah Mar. 24, 2010) (same). This is because "allegations are not evidence." *Hamby v. Associated Centers for Therapy*, 230 F. App'x 772, 781 (10th Cir. 2007) (affirming summary judgment in favor of the defendant and concluding that a plaintiff's allegations of pretext were insufficient

3

"to raise a genuine issue of material fact"). Ms. Markowski seeks to circumvent these principles and fails to produce any evidence to dispute the material facts.

While Ms. Markowski recognizes her need to "produce evidence that establishes an essential fact" (Opp. at 23), the only "evidence" she supplies are the allegations in her complaint (Opp. at 8, 14, 26–28). But "allegations are not evidence." *Hamby*, 230 F. App'x at 781. Because Ms. Markowski failed to produce any evidence whatsoever—much less any evidence to dispute material facts—there are no genuine issues regarding the material facts BYU proffered in the Motion.[2]

### B.   Ms. Markowski Admits the Only Fact She Purports to Dispute.

The only fact Ms. Markowski purports to dispute is whether she was expected to and did teach prospective Church members as part of her employment. (*See* Opp. at 8, 14 (asserting that Ms. Markowski "did not generally use the Church's online presence or social media for proselyting").) However, Ms. Markowski expressly admitted—under penalty of perjury—that she did exactly that. In the Title IX lawsuit she filed in Oregon, Ms. Markowski testified that she "had an on-campus job at the Missionary Training Center where I trained missionaries *and taught people about our church online*." (Mot. Ex. AA (emphasis

---

[2] While Ms. Markowski repeatedly suggests that, "at this early stage of the case," it is "unknown" whether she taught prospective Church members as part of her job (*see, e.g.*, Opp. at 20–22), Ms. Markowski fails to dispute this fact with any evidence and fails to request discovery under Fed. R. Civ. P. 56(d). In any event, as outlined below, Ms. Markowski already admitted this fact in a sworn declaration.

4

added).) Ms. Markowski is crystal clear: in her job at the MTC, she "taught people about [the Church]." (*Id.*) Ms. Markowski cannot dispute that teaching people online was part of her job because she testified under penalty of perjury that it was.

In addition to her declaration in the Oregon lawsuit, Ms. Markowski admits in her Opposition that she taught prospective Church members as part of her job. (*See* Opp. at 13 (admitting that as an OTC trainer, Ms. Markowski "participated directly in online teaching" and piloted "the Church's programs for responding to online referrals"); Opp. at 14 (admitting that Ms. Markowski had "direct contact with persons inquiring as to the Church and Church's message"); Opp. at 18–19 (admitting that Ms. Markowski, "[a]s part of her employment," moderated "the Church's Come Unto Christ Facebook page," and "had administrator access to *communicate on behalf of the Church with other Facebook users*" (emphasis added)); Opp. at 30 (admitting she "did have some contact with persons inquiring about the Church").)

For these reasons, there are no genuine issues as to any material facts.

## II. BYU Is Entitled to Judgment as a Matter of Law

Despite her failure to effectively dispute any material facts, Ms. Markowski argues that BYU is not entitled to judgment as a matter of law because "whether the facts relating to Ms. Markowski's employment situation bring her within or outside of the ministerial exception" is a "close call" that "a jury should make." (Opp. at 2, 30.) On both procedure and substance, Ms. Markowski is wrong. The Court—not a

5

jury—determines the applicability of the ministerial exception, and whether Ms. Markowski was a minister is not a "close call." She clearly was.

> A. **The Court, Not a Jury, Should Determine the Applicability of the Ministerial Exception.**

Pure questions of law are "appropriate for resolution by summary judgment." *Cerveny v. Aventis, Inc.*, 155 F. Supp. 3d 1203, 1210 (D. Utah 2016). And whether the ministerial exception "attaches at all is a pure question of law" that the Court "must determine for itself." *Conlon v. InterVarsity Christian Fellowship*, 777 F.3d 829, 833 (6th Cir. 2015); *see also Fratello v. Roman Cath. Archdiocese of New York*, 175 F. Supp. 3d 152, 162 (S.D.N.Y. 2016) (same), *aff'd*, 863 F.3d 190 (2d Cir. 2017). Ms. Markowski's assertion that a jury should determine the applicability of the ministerial exception is flatly incorrect. That determination is for this Court.

> B. **Whether Ms. Markowski Was a Minister Is Not a "Close Call."**

Ms. Markowski asserts that "[w]hat makes the instant case a close call is what she . . . did on social media." (Opp. at 28.) Ms. Markowski appears to argue—without evidence—that while she taught "missionaries in how they could use social media to teach the Gospel to others," she "didn't teach the Gospel," and that it is "unclear" whether she interacted with prospective Church members at work or on her own time. (*See, e.g.,* Opp. at 14, 16, 18, 28.) Both the undisputed facts and common sense belie Ms. Markowski's unsupported assertions.

6

Regarding the nature of her interactions with missionaries, the Motion makes clear that Ms. Markowski taught missionaries how to teach others about the gospel, the Church, and its teachings. (Mot. at 8–10, 20–21.) That her instruction included teaching missionaries how to teach the gospel using online resources does not divest her job of its deeply religious nature; quite the contrary, it highlights the profoundly religious nature of her job duties. And it strains credulity to assert that Ms. Markowski's workdays did not include any religious discussion or instruction and instead consisted exclusively of teaching young missionaries "how to use social media," (Opp. at 29), when the entire purpose of teaching missionaries at the Missionary *Training* Center is to train them to share the Church's gospel message.

As to whether Ms. Markowski proselyted on the job or her own time, the record is equally unequivocal. She admits that, "[a]s part of her employment," she moderated "the Church's Come Unto Christ Facebook page" and "had administrator access to communicate on behalf of the Church with other Facebook users." (Opp. at 18–19; *see also id.* at 15–16 (admitting she taught prospective Church members "through the Church's chat system").) Many of her documented communications with prospective Church members could not have occurred but for her *job-related access* to Church social media accounts and online systems. (Opp. at 15–16, 18–19.)

Several other undisputed facts demonstrate that, under *Our Lady of Guadalupe* and *Hosanna-Tabor*, the ministerial exception applies even more clearly in this case

7

than in those cases. For example, in *Our Lady of Guadalupe School v. Morrissey-Beru*, 140 S. Ct. 2049 (2020), and *Hosanna-Tabor Evangelical Lutheran Church & School v. E.E.O.C.*, 565 U.S. 171, 132 S. Ct. 694 (2012), the plaintiff-teachers taught "all subjects," *Our Lady of Guadalupe,* 140 S. Ct. at 2056, including "language arts, social studies, science, gym, art, and music," *Hosanna-Tabor,* 565 U.S. at 178. At the MTC, the *only* curriculum "is the gospel of Jesus Christ as set forth in the Bible and other scriptures." (Opp. at 4–5.) Similarly, in *Our Lady of Guadalupe* and *Hosanna-Tabor*, the plaintiff-teachers performed religious teaching for only 200 minutes per week and 45 minutes per day, respectively. *Our Lady of Guadalupe,* 140 S. Ct. at 2059; *Hosanna-Tabor,* 565 U.S. at 193. Here, Ms. Markowski spent significantly more time on religion-related tasks. (*See, e.g.*, Mot. Ex. S 18–19 (requiring 14 hours per week on: "Incoming support calls/emails"; "Member Referrals"; "Bible Studies"; "Book of Mormon Studies"; "Product Requests"; and "Chat/Calls").) Finally, her 18 months of religious study, required daily scripture study, and weekly religious instruction far exceeds the plaintiffs' limited religious training in *Our Lady of Guadalupe.* 140 S. Ct. at 2077-78. If the teachers in *Our Lady* and *Hosanna-Tabor* were ministers, then *a fortiori* so was Ms. Markowski.[3]

---

[3] To support her position that the ministerial exception should not apply to her, Ms. Markowski cites *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698 (7th Cir. 2003). (Opp. at 29.) But *Alicea-Hernandez* supports BYU's Motion, not Ms. Markowski's position. In *Alicea-Hernandez*, the First Amendment barred the plaintiff's claims because, in her press secretary position for the Archdiocese of

For all these reasons, whether Ms. Markowski was a minister is not a "close call." She plainly was.[4] The First Amendment bars her claims.

### III. Ms. Markowski Failed to Exhaust Her Administrative Remedies

Ms. Markowski concedes that her bare-bones EEOC charge "did not reference retaliation" (Opp. at 31; *see also id.* at 21), but argues, based on *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994), that her retaliation claim is "reasonably related" to her EEOC sex-discrimination claim such that the Court has jurisdiction to adjudicate her retaliation claim. (Opp. at 31 (relying on *Ingels*).) But *Ingels* is no longer good law, and Ms. Markowski's reliance on it is misplaced.

In *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003), the Tenth Circuit expressly abrogated *Ingels*, concluding that "each discrete incident of [wrongful] treatment constitutes its own unlawful employment practice *for which*

---

Chicago, the plaintiff "was integral in shaping the message that the Church presented to the [public]" and "determine[ed] how best to reach the [public]." *Id.* at 704, n.4. Like Alicea-Hernandez, Ms. Markowski—in her role teaching others how to teach online—"shap[ed] the message that the Church presented to the [public]" and "determine[ed] how best to reach the [public]." *Id.* Her job duties involved training missionaries and mission leaders in "message dissemination, and a church's message, of course, is of singular importance." *Id.*

[4] Ms. Markowski also attempts to divert the Court's attention by arguing that the ministerial exception should not apply to "social media engineers," "I.T. workers," "cafeteria workers," or "janitors." (Opp. 29.) Regardless of whether the ministerial exception would apply to any of these positions (Ms. Markowski never claims to be just any of these things), there is no reasonable dispute that her position as an OTC trainer was deeply ministerial.

9

*administrative remedies must be exhausted*." (Emphasis added; internal quotation marks and citation omitted.) As the Tenth Circuit later explained, "[i]n *Martinez*, we abrogated the continuing violation exception to our jurisdictional requirements [ ] and held that *unexhausted claims involving discrete employment actions are no longer viable*." *Freppon v. City of Chandler*, 528 F. App'x 892, 900 (10th Cir. 2013) (emphasis added; internal quotation marks and citation omitted) (rejecting as "unavailing" a plaintiff's argument that her unexhausted claim was "'reasonably related' and reasonably grows out of her filed EEOC charges" because "*Martinez* explicitly tied the 'reasonably related' test [in *Ingels*] to the abrogated continuing violation doctrine"). Because Ms. Markowski's EEOC charge did not reference retaliation, she failed to exhaust her administrative remedies as to that claim.

## CONCLUSION

Working at the Church's equivalent of a theological seminary, Ms. Markowski taught missionaries and mission leaders for the Church, taught prospective members of the Church, and committed to "invite all to come unto Christ." It is difficult to conceive of a position that more fully qualifies as ministerial. The First Amendment bars Ms. Markowski's claims. To hold otherwise would countenance a profound and unconstitutional incursion into the religious autonomy that the ministerial exception was created to protect. *See Hosanna-Tabor*, 565 U.S. at 188 (holding that the First Amendment prohibits government "interfere[nce] with the internal governance of the

church" and its "right to shape its own faith and mission"). The Court should grant the Motion.

DATED: June 15, 2021

    STOEL RIVES LLP

    */s/ David J. Jordan*
    David J. Jordan
    Jordan C. Hilton

    BRIGHAM YOUNG UNIVERSITY

    */s/ David M. Andersen*
    David M. Andersen
    Madelyn L. Blanchard

    *Attorneys for Defendant*
     *Brigham Young University*